IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JAMES WINFUN                                          PLAINTIFF

vs.                                          No. 3:05CV138-D-A

DAIMLERCHRYSLER CORPORATION                          DEFENDANT

<u>OPINION GRANTING MOTION FOR SUMMARY JUDGMENT</u>

Presently before the court is the Defendant's unopposed motion for summary judgment.

Upon due consideration, the court finds that the motion should be granted.

*A. Factual Background*

In January of 2003, the Plaintiff purchased a new 2003 Jeep Liberty sport utility vehicle in

Jackson, Mississippi. The Plaintiff, who resides in Lee County, Mississippi, operated the vehicle

without incident for approximately sixteen months.

Then, between 4:30 and 5:00 p.m. on May 29, 2004, the Plaintiff (who was alone in the

vehicle at the time) lost control of the vehicle while driving east on U.S. Highway 78 in Union

County, Mississippi. The Plaintiff was injured when the vehicle ran off the road after possibly being

struck from behind by another vehicle.

On November 3, 2005, the Plaintiff filed the current product liability action, pursuant to

Section 11-1-63 of the Mississippi Code, alleging *inter alia* that the subject vehicle was

uncrashworthy, defective and unreasonably dangerous, and that the failure of the vehicle's air bags

to deploy during the accident exacerbated the Plaintiff's injuries. On October 5, 2006, the court

granted a motion to strike filed by the Defendant, and struck the Plaintiff's sole designated expert

witness. The Plaintiff did not object to that ruling. The Defendant has now moved for summary

judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure; the Plaintiff does not oppose

the motion. While the Plaintiff does not have an expert witness designated, the Defendant has designated an expert engineer who has opined that the subject vehicle's air bag system was free of defects at the time of the accident.

## *B. Summary Judgment Standard*

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden then shifts to the non-movant to "go beyond the pleadings and by...affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 324. That burden is not discharged by "mere allegations or denials." Fed. R. Civ. P. 56(e).

While all legitimate factual inferences must be viewed in the light most favorable to the non-movant, Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202 (1986); Celotex Corp., 477 U.S. at 322. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

In the case *sub judice*, the Plaintiff has failed to respond to the Defendant's motion for summary judgment. While the court cannot grant summary judgment merely because there is no opposition to the motion, the court may accept the Defendant's version of the facts as undisputed and grant the motion if the Defendant makes a prima facie showing of its entitlement to summary judgment. Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir. 1985); Hetzel v. Bethlehem Steel Corp., 50 F.3d 360, 362 (5th Cir. 1995); Eversley v. Mbank Dallas, 843 F.2d 172, 173 (5th Cir. 1988).

## C. Discussion

It is clear that complex product liability claims such as those presented in this case, including the Plaintiff's crashworthiness and negligence claims, must be supported by expert testimony. See, e.g., Forbes v. General Motors Corp., No. 2003-CA-01201-COA, 2005 WL 226105 (Miss. Ct. App. Feb. 1, 2005); Childs v. General Motors Corp., 73 F. Supp. 2d 669 (N.D. Miss. 1999); Crocker v. Sears, 346 So. 2d 921 (Miss. 1977). Further, it is axiomatic that when a plaintiff bears the burden of proof on an issue which requires expert testimony and fails to present the necessary expert testimony, summary judgment is proper. See, e.g., Brooks v. Roberts, 882 So. 2d 229 (Miss. 2004); Bowie v. Montfort Jones Mem'l Hosp., 861 So. 2d 1037 (Miss. 2003).

Because the Plaintiff has failed to properly designate any experts to present such testimony in this case, the court is constrained to find that summary judgment is appropriate - no genuine issue of material fact remains and the Defendant is entitled to judgment as a matter of law.

A separate order in accordance with this opinion shall issue this day.

This the 30th day of November 2006.

/s/ Glen H. Davidson
Chief Judge